| NATIONAL HEALTHCARE, L.P., | ) | |
|---|---|---|
| | ) | **Davidson Chancery** |
| Plaintiff/Appellant, | ) | No. 97-469-I |
| | ) | |
| VS. | ) | |
| | ) | |
| SPARTA MEDICAL INVESTORS | ) | Appeal No. |
| LIMITED PARTNERSHIP and the | ) | 01A01-9712-CH-00718 |
| TENNESSEE HEALTH FACILITIES | ) | |
| COMMISSION, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

FILED

May 29, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

Robert B. Littleton
Kathryn Ladd
TRABUE, STURDIVANT & DeWITT
2500 Nashville City Center
511 Union Street
Nashville, Tennessee 37219
ATTORNEY FOR PLAINTIFF/APPELLANT

John Knox Walkup
Attorney General and Reporter

Michelle Hohnke Joss
Assistant Attorney General
Second Floor, Cordell Hull Building
425 Fifth Avenue, North
Nashville, Tennessee 37243
ATTORNEYS FOR THE TENNESSEE HEALTH FACILITIES
COMMISSION/DEFENDANT/APPELLEE

Jerry W. Taylor
WYATT, TARRANT & COMBS
511 Union Street, Suite 1500
Nashville, Tennessee 37219
ATTORNEY FOR SPARTA MEDICAL INVESTORS LIMITED PARTNERSHIP

**AFFIRMED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE

CONCURS IN SEPARATE OPINION
WILLIAM C. KOCH, JR., JUDGE

NATIONAL HEALTHCARE, L.P., )
            ) **Davidson Chancery**
      **Plaintiff/Appellant,** ) **No. 97-469-I**
            )
**VS.** )
            )
**SPARTA MEDICAL INVESTORS** ) **Appeal No.**
**LIMITED PARTNERSHIP AND THE** ) **01A01-9712-CH-00718**
**TENNESSEE HEALTH FACILITIES** )
**COMMISSION,** )
            )
      **Defendants/Appellees.** )

# O P I N I O N

This appeal involves an existing health care facility in Sparta, Tennessee and a proposal to build a second health care facility in the same city. The existing facility opposed the construction of the new facility, but the Tennessee Health Facilities Commission (hereafter, Commission) granted a certificate of need (hereafter CON) authorizing the construction of the new facility. The existing facility petitioned for judicial review. The Trial Court affirmed the order of the Commission, and the existing facility appealed to this Court.

The identity of the opposing parties and their position in the litigation requires clarification. The existing facility is called "Sparta Life Care Center" or "SLCC," but it is owned by National Healthcare, L.P. which appears in the caption. The application for a CON to build the new facility in Sparta was filed before the Commission in the name of Sparta Medical investors, Limited Partnership (SMILP) which was treated as the applicant. The existing facility, SLCC, petitioned the Commission for a contested hearing, and was treated as the petitioner. Likewise, when SLCC initiated this judicial review, by petition for review, it became the petitioner in this proceeding; and SMILP became a respondent along with the Commission.

For purposes of clarity, this opinion will refer to the contesting parties as the existing facility and the proposed facility.

The existing facility consists of seventy-nine rooms containing one hundred fifty beds. The proposed facility was to consist of one hundred twenty beds including twenty "specialized Alzheimer Units." The Commission approved only one hundred beds, of which twenty beds were required to be designated for treatment of Alzheimer' patients. The Trial Judge affirmed and the existing facility appealed.

The existing facility was acquired by the appellant National HealthCare in 1978. It is the only nursing home facility in White County where Sparta is located. It has 150 beds, none of which are specially designated for treatment of any particular ailment.

The administrative record does not contain the original application for a CON for the proposed facility, but it does contain a copy of a CON, bearing the signature of the Chairman and Secretary of the Commission, dated August 2, 1993, and authorizing Sparta Medical Investors, L.P. to construct a new 100-bed, non-skilled nursing home facility with 20 of those beds designated for treatment of Alzheimer's patients.

The record does not contain a copy of the minutes or order of the Commission granting the CON, but it may reasonably be inferred that such action preceded July 23, 1993, for the administrative record begins with a "Petition for Contested Case Hearing" filed by "Life Care Center of Sparta," filed on July 23, 1993.

After extensive preliminary proceedings and an extended hearing, an administrative judge signed (and presumably filed), a 20-page order in which she "granted" to Sparta HealthCare Investors, L.P. "the previously issued" CON "for the establishment of a 100-bed nursing home facility." The administrative judge further ordered that the CON "is hereby modified to include that 20 of the beds be dually certified for participation in the Medicare skilled nursing program."

On September 9, 1996, the existing facility filed a "Petition for Appeal from Initial Order."

On December 3, 1996, the Commission filed its "Final Order" containing the following:

> After consideration of the record in this matter, and the briefs and arguments of counsel, it is determined that the CON application submitted on behalf of Sparta Medical Investors, Limited Partnership, should be GRANTED for a 100-bed nursing home, with 20 of those beds skilled beds, and including a specialized Alzheimer's unit. This decision is based upon the following Findings of Fact and Conclusions of Law:

> ### FINDINGS OF FACT

> 1-36. The Commission adopts and incorporates by express reference Findings of Fact Numbers 1 through 36 of the Initial Order. The Commission finds and concludes that these Findings of Fact accurately reflect and interpret the proof in the record.

> ### CONCLUSIONS OF LAW

> 1-25. The Commission adopts and incorporates by express reference Conclusions of Law Numbers 1 through 25 of the initial Order. These Conclusions of law accurately interpret and apply the legal authorities reflected therein.

> 26. In addition, the Commission makes the following Conclusion of Law, which was not included in the Initial Order. Pursuant to T.C.A. § 68-11-109, the Commission must assess the costs of this proceeding against either of the parties, based upon the consideration of who prevailed on the merits, and the parties' abilities to pay.

> In this case, the Petitioner, Sparta HC, filed the petition for contested case hearing. As set forth in the above Findings of Fact and Conclusions of Law, the evidence clearly establishes that the CON was properly granted, and Sparta Medical Investors, Limited Partnership is the prevailing party. There was no proof submitted indicating that Sparta HC or its owner, National HealthCare, L.P., does not have the ability to pay these costs. Therefore, the Commission concludes and ORDERS that the costs of this proceeding be assessed to the Petitioner, Sparta HC, pursuant to T.C.A. § 68-11-109.

> - - - -

> In addition to the policy reasons reflected in the Findings of Fact and Conclusions of Law, the Commission finds that it is sound public policy to apply the CON statutes and Commission Rules in a fair and equitable manner, and to grant a certificate of need when the applicable criteria are met.

Since, as set forth in the Findings of Fact and Conclusions of Law, those criteria are met by the Life Care Center of Sparta CON application, it is in the public interest, and it is sound public policy, to grant the CON to Sparta Medical Investors, Limited Partnership.

If an amended CON was issued pursuant to this order, it does not appear in the record. It must be assumed that the original August 2, 1993, CON, as amended by the September 9, 1996, order of the Commission, remains in effect.

As previously stated, the existing facility filed a petition for judicial review, the Trial Judge affirmed, and the existing facility appealed.

The appellant presents the following issues for review:

I.      Whether the Health Facilities Commission erred in modifying the original certificate of need granted to Sparta Medical Investors to includes 20 dually certified beds.

II.      Whether the Health Facilities Commission's finds and conclusions that the proposed facility is needed are supported by evidence which is both substantial and material.

III.      Whether the Health Facilities Commission's findings and conclusions that the proposed facility is economically feasible are supported by evidence which is both substantial and material.

The existing facility presents the issues in the following form:

I.      Whether the Health Facilities Commission erred in modifying the original certificate of need granted to Sparta Medical Investors to include 20 dually certified beds.

II.      Whether the Health Facilities Commission's findings and conclusions that the proposed facility is needed are supported by evidence that is both substantial and material.

III.      Whether the Health Facilities Commission's findings and conclusions that the proposed facility is economically feasible are supported by evidence that is both substantial and material.

The Commission presents the following issues:

I.      Whether the Administrative Law Judge complied with statutory procedures and properly granted a certificate of need to Sparta Medical Investors for a 100-bed nursing facility, including 20 dually certified beds.

II.     Whether there is substantial and material evidence in the record to support the Commission's final order.

The Uniform Administrative Procedure Act, T.C.A. § 4-5-322(h) provides:

**Judicial review**. - (a)(1) A person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter which shall be the only available method of judicial review.

- - - -

(b)(1) Proceedings for review are instituted by filing a petition for review in the chancery court of Davidson County, unless another court is specified by statute. Such petition shall be filed within sixty (60) days after the entry of the agency's final order thereon.

- - - -

(h) the court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

In determing the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on question of fact.

Judicial review of factual findings of an administrative agency is not *de novo*, but the inquiry is whether the administrative decision is supported by substantial and material evidence. *Sanifill of Tennessee, Inc. v. Tennessee Solid Waste Disposal Control Board*, Tenn. 1995, 907

S.W.2d 807. *Southern Ry. Co. v. State Board of Equalization,* Tenn. 1984, 682 S.W.2d 196. *Estate of Street v. State Board of Equalization*, Tenn. App. 1990, 812 S.W.2d 583.

The Administrative Record contains 579 pages of testimony and 40 voluminous exhibits which furnish adequate substantial and material evidence to support the findings and conclusion of the Commission that the proposed facility is needed. There is competent and material evidence of the following facts:

The existing facility has no skilled nursing beds and 80% of patients being discharged from the local general hospital need skilled nursing.

Medicare does not pay for post-hospitalization care unless it is "skilled care."

The proposed facility would provide "dually certified skilled care" compensable by Medicare.

The existing facility has been unable to accept all applications from White County residents for admission due to lack of beds and/or services, and such applicants have been obliged to seek admission to facilities outside the county.

The counties surrounding White County are inadequately equipped to furnish skilled nursing care, and the area is in need of at least one adequate facility.

The projected needs of the area support the approval of the proposed facility.

The appellant's first issue complains to this Court that the Commission modified its original certificate of need to require 20 dually certified beds. Appellant's argument does not discuss the issue, but discusses the approval of 100 beds instead of 120 as originally requested.

This ruling was not prejudicial to appellant.

In response to appellant's two remaining issues, this Court finds that the final action of the Commission is supported by competent and substantial evidence and is neither arbitreary nor capricious nor unlawful. The issue presented by appellees involve the same questions as those presented by appellant, and therefore requires no further discussion.

The judgment of the Trial Court and the action of the Commission are affirmed. Costs of this appeal are taxed to the appellant and its surety. The cause is remanded to the Trial Court for necessary further procedure.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

CONCURS IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE